*E-FILED 10-14-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BONIFACIO CARRERA,<br><br>       Plaintiff,<br><br>   v.<br><br>THYSSEN KRUPP SAFEWAY, INC. and DOES 1 to 100, inclusive,<br><br>       Defendant.<br>_____/ | No. C09-02672 HRL<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS** |

       Plaintiff Bonifacio Carrera sues for claimed injuries sustained in the course and scope of his employment in 2008. He filed this lawsuit in state court. Defendant removed the matter here, asserting diversity jurisdiction. After the parties consented to proceed before a magistrate judge for all purposes, including trial, the case was reassigned to this court. And, on November 2, 2010, this court issued a scheduling order, including a January 10, 2011 expert disclosure deadline; a January 24, 2011 rebuttal expert disclosure deadline; a February 28, 2011 discovery cutoff; a March 15, 2011 final pretrial conference; and a March 21, 2011 date for the start of a jury trial. (Dkt. No. 29).

       Several months later, defendant moved to strike plaintiff's expert disclosures. Plaintiff attempted to disclose two purported experts, James Flynn and Daniel Fleming. Both disclosures were untimely. Both disclosures were also deficient and failed to provide all the information

1  required under Fed. R. Civ. P. 26(a)(2). Plaintiff failed to include a written report from Flynn.
2  As for Fleming, plaintiff's disclosure included a written report, but none of the other
3  information Fed. R. Civ. P. 26 requires. Plaintiff's counsel, Gerald Scher, had no justification
4  for these failings. Scher stated that he was unaccustomed to practicing in federal court. When
5  pressed by the court to explain why he did not request an extension when it became apparent
6  that plaintiff needed more time, Scher replied that it simply did not occur to him. Scher
7  nevertheless stated that plaintiff wished to proceed with Fleming, i.e., the one who had
8  submitted a written report.

9  This court, in the exercise of its discretion, declined to strike plaintiff's expert
10 disclosures. Instead, the court (1) re-set expert disclosure deadlines and directed plaintiff to
11 serve proper disclosures for whichever expert he planned to designate; (2) sanctioned Scher
12 $750.00 payable immediately to the court; (3) ordered Scher to pay defendant's reasonable
13 attorney's fees and costs necessitated by Scher's failure to serve timely and proper expert
14 disclosures, including any fees incurred in bringing the motion to strike; and (4) set a briefing
15 schedule as to defendant's submission of documents supporting their claimed fees and costs.
16 (Dkt. No. 59).

17 As noted above, the final pretrial conference was set for March 15, 2011, and trial was
18 to begin on March 21, 2011. In view of plaintiff's untimely and deficient expert disclosures,
19 however, it was evident that keeping those scheduled dates would not be possible. Moreover,
20 this court was told that plaintiff's counsel failed to respond to defendant's repeated efforts to
21 meet-and-confer with respect to the preparation of the Joint Pretrial Statement required by the
22 undersigned's Standing Order re Pretrial Preparation. (Dkt. No. 42). And, indeed, plaintiff
23 failed to make any pretrial filings required by that Standing Order. Accordingly, the trial date
24 was vacated. And, the final pretrial conference was continued for six months to September 27,
25 2011. The parties were directed to comply with the court's Standing Order re Pretrial
26 Preparation. They were also told to be prepared to discuss at that conference the setting of a
27 new trial date. (Dkt. No. 59).
28

1    Defense counsel timely submitted their documentation supporting their claimed fees and
2 costs. Although the court gave plaintiff until April 11, 2011 to file an opposition, he filed no
3 response whatsoever. The court granted defendant's application and directed Scher to pay the
4 ordered sums to defendant by October 19, 2011. (Dkt. No. 78).

5    As noted above, plaintiff was given additional time to prepare proper expert disclosures.
6 Just about all plaintiff's counsel did, however, was to have Flynn add his signature to the
7 written report prepared by Fleming. Defendant again moved to strike plaintiff's expert
8 disclosures. Plaintiff did not bother to oppose that motion. The court granted the motion as to
9 Flynn, but denied it as to Fleming. (Dkt. No. 65).

10    Several months later, on July 18, 2011, Scher filed a letter with the court, advising that
11 his law license was suspended by the California State Bar, beginning June 18, 2011 through
12 September 17, 2011. (Dkt. No. 66). That letter stated that another (unidentified) attorney in his
13 office would be handling the matter during his suspension. (Id.). However, no appearance was
14 ever made by any other attorney on plaintiff's behalf. And, defendant says that despite repeated
15 requests to Scher and his office, they were never told what other attorney reportedly was
16 handling this case during Scher's suspension. (Dkt. 81-1, Agen Decl. ¶¶ 20-21).

17    As discussed above, in its March 8, 2011 order vacating the prior final pretrial
18 conference and trial dates, the court specifically directed the parties to comply with its Standing
19 Order re Pretrial Preparation with respect to the timing and content of required pretrial
20 submissions. (Dkt. No. 59). Defendant timely submitted its pretrial papers in advance of the
21 September 27, 2011 pretrial conference. Once again, plaintiff failed to make any of the
22 required pretrial filings. He also failed to respond to defendant's motions in limine.
23 Accordingly, on September 22, 2011, the court issued an order directing Scher to appear at the
24 final pretrial conference and show cause why this case should not be dismissed for failure to
25 prosecute and failure to comply with court orders.

26    Scher appeared as directed. He did not, however, provide any satisfactory justification
27 or excuse why he has repeatedly failed to comply with the court's orders and applicable rules.
28 True, in the months just prior to the September 27 pretrial conference, Scher was unable to

practice. Nevertheless, the California State Bar's website (calbar.ca.gov) indicates that its order of suspension was issued on January 18, 2011. Thus, although Scher stated that he had only 30-days notice as to when the period of suspension actually would begin, he evidently knew since at least January 2011 that he would be suspended. One would expect that prudent counsel would have promptly begun making necessary arrangements. Nevertheless, when the court once again asked Scher why he did not seek a continuance of the September 27, 2011 final pretrial conference when it became apparent that one might be needed, Scher simply reiterated that he was not familiar with federal court practice; that he was busy with other matters; and that it did not occur to him to ask for an extension of time. More to the point, he had no satisfactory explanation as to why no attorney stepped in to handle this case during the suspension period, contrary to his prior representation to the court. Here, Scher indicated only that during the suspension period, the other attorneys in his office were busy covering his other cases and working on their own.

The suspension period aside, Scher's only other explanation was that, from a factual standpoint, this case has gone south on him—i.e., the workers compensation lien was sold; plaintiff's retained expert turned out to be not very good for plaintiff; and plaintiff reportedly has stopped talking to Scher. Noting that he has already put thousands of dollars into this case, Scher stated that he no longer wants to prosecute this action and wants to withdraw as counsel of record. No motion to withdraw has been filed. And, in any event, whether or not the facts of the case have become less attractive or favorable for plaintiff, Scher still has an obligation as an officer of the court to comply with all court orders and rules.

Although it appeared that Scher had exhausted his explanations in response to the show cause order, the court granted his request for additional time to prepare and file a written response. Defendant was also given permission to file a response, if it wished. Defendant has filed a response requesting that this case be dismissed. (Dkt. No. 81). Scher has filed no written response to the show cause order, and the filing deadline has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b).

4

Additionally, a court has inherent power to dismiss an action sua sponte for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-32, 82 S. Ct. 1386 (1962). In determining whether dismissal is appropriate, the court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

Here, the fourth factor weighs in plaintiff's favor, as it always does in such situations. Nevertheless, under the circumstances presented, the court finds that the fourth factor is far outweighed by all the others, which strongly support dismissal. As discussed in detail above, this case has been plagued by plaintiff's repeated missteps, missed deadlines, and failures to comply with court orders. The court has striven to give him every opportunity to get his case on track. But the situation has not improved. The original March 2011 pretrial conference and trial dates had to be vacated due to plaintiff's failure to provide proper expert disclosures and to comply with this court's Standing Order Re Pretrial Preparation. Plaintiff essentially was given a "do-over" with respect to those matters. Nevertheless, his (half-hearted) second attempt at expert disclosures led to another round of motions practice. And, he was still—some six months later and without satisfactory justification or excuse—wholly unprepared to proceed with the pretrial conference in September 2011. While defendant has now prepared its pretrial filings twice, plaintiff has failed to do so (twice). Nor has he ever done something as simple as seek an extension or continuance when it became apparent that additional time was necessary. The court has already imposed monetary sanctions on plaintiff's counsel, with no apparent effect. Based on the discussion held at the September 27, 2011 conference, this court has no assurance that any progress will be made in this case. And, the court cannot condone the repeated and unjustified failures to comply with its rules and orders—failures that have stalled this litigation more than once.

Accordingly, based on the foregoing, this action is dismissed for plaintiff's failure to prosecute and to comply with court orders. FED. R. CIV. P. 41(b). The clerk shall enter judgment of dismissal and close the file.

SO ORDERED.

Dated: October 14, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:09-cv-02672-HRL Notice has been electronically mailed to:

Frank Edward Schimaneck    feschimaneck@drydenlaw.com, llbenson@drydenlaw.com, lpnewman@drydenlaw.com, sefoe@drydenlaw.com

Gerald Herbert Scher    geraldscher@sbcglobal.net, chaparita30@sbcglobal.net, marysanchez1970@yahoo.com

Roger Arne Agen    raagen@drydenlaw.com

Susan E. Foe    sefoe@drydenlaw.com, llbenson@drydenlaw.com, lpnewman@drydenlaw.com

William John Armstrong    barmstrong@acs-lawfirm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.